**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA**

**JQ LICENSING, LLC,**

**Plaintiff,**

v.

**TOO DARK MOTORSPORTS, LLC,**                                          **COMPLAINT**
Serve:
Tad Wagner, Registered Agent
3205 52nd Avenue Southwest
Minot, North Dakota 58701

**Defendant.**

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND LANHAM ACT

Plaintiff JQ Licensing, LLC ("Plaintiff), hereby brings this action to recover damages, and attorney fees arising from the infringement by Defendant Too Dark Motorsports, LLC ("Defendant").

### GENERAL NATURE OF CLAIMS

1.  This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et. seq.* as amended) and the Lanham Act, 15 U.S.C. § 1125(a).

2.  Too Dark Motorsports, LLC unlawfully created, reproduced, and displayed the Walleye/Green Lure illustration (the "Work") including printing graphics onto T-Shirts and vinyl stickers that were later sold for profit. Photographs of the objects were then displayed upon Defendant's Amazon store account and social media account without obtaining any authorization or permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. § 501.

3.  Defendant used the Plaintiff's duly licensed copyright in connection with goods sold in commerce and such use was false or misleading in that Defendant suggested

1

Plaintiff was associated with or endorsed Defendant's products, which created confusion or mistake and is in violation of Section 43(a) of the Lanham Act.

## PARTIES

4. Plaintiff is a limited liability company organized in the State of Minnesota, and at all times material to this Complaint, operated from within the State of Montana. Plaintiff is managed and solely owned by Jon Q. Wright ("Wright").

5. Plaintiff is a an art licensing company who supplies commercial art design services, namely supplying licensed digital art, flat artwork and paintings, and designing commercial art products with reproductions of the licensed digital art, flat artwork, illustrations and paintings.

6. Plaintiff is the exclusive license holder of the artwork of Wright, including the Work.

7. Wright is an individual residing in Hamilton, Montana and the copyright holder of the Work, covered by registration number VAu-1-021-822.

8. The Work, under registration number VAu-1-021-822, was registered with the United States copyright Office on July 9, 2009. A copy of the Work and the Certificate of Registration covering the work is attached as Exhibit A.

9. Defendant, upon information and belief, is a North Dakota limited liability company that customizes automobiles. Defendant has prominently displayed the Work at issue upon T-Shirts and vinyl decals.

## JURISDICTION

10. This Court has subject matter jurisdiction over Plaintiff's claims for unauthorized use and copyright infringement and pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et.

seq.), pursuant to 28 U.S.C. §§1331 and 1338, and the Lanham Act, 15 U.S.C. § 1125(a).

## VENUE

11. Venue is based upon 28 U.S.C. § 1391 as the judicial district in which the Defendant "resides" within the meaning of § 1391(c) and pursuant to § 1391(b)(2) as the district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1400(a) is the district in which the parties may be found in an action under the Copyright Act.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff is the exclusive license holder of the copyrights to the Work. *See* Exhibit A.

13. Sometime prior to April 2015 and continuing until March 2018, after Wright registered the Work, under registration number VAu-1-021-822, Defendant unlawfully reproduced and displayed the work in connection with products sold and produced by Defendant.

14. The products on merchandise created by Defendant can best be described as T-Shirts and vinyl stickers that were later sold for profit. The first of these objects was a T-Shirt in which the Work is centered among the text "Warriors on the North Dakota Water." The second is a vinyl sticker in which the Work is centered among the text "Walleye Fisherman." These images were located on both the Defendant's Amazon account as well as the associated social media account on Facebook. *See* Exhibit B.

15. Plaintiff's graphics display copyrighted illustrations belonging to Wright, which Defendant had direct access to and copied.

16. Defendant did not obtain authorization or permission from Plaintiff, to use, copy, display, and distribute the Work.

17. On February 19, 2018, Plaintiff's counsel sent a demand for more information requesting information from Defendant that was delivered by certified and regular mail, as well as email, seeking information and asking Defendant about the unauthorized use and copyright infringement of the federally registered the Work owned by Plaintiff. This demand requested that Defendant cease and desist from all unauthorized use of the Work.

**COUNT I**
**COPYRIGHT INFRINGEMENT AGAINST**
**DEFENDANT TOO DARK MOTORSPORTS, LLC**

18. Paragraphs 1 through 17 above are incorporated herein.

19. Plaintiff is the exclusive license holder of JQ Fish Art: Walleye/Green Lure illustration registration number VAu-1-021-822.

20. Defendant has infringed the Work by copying from Plaintiff and printing and displaying it upon T-Shirts and vinyl stickers that were later sold for profit which were displayed on Defendant's Amazon store account and social media account on Facebook. *See* Exhibit B.

21. Defendant created and produced a graphic using the Work that was then printed upon T-Shirts and vinyl stickers.

22. The graphic created and printed by Defendant contains an image of a Walleye fish opening its mouth in order to latch onto a lure that is strikingly similar and substantially similar to the Work that was copied from JQ Licensing.

23. Plaintiff has not authorized the copying of the Work or the distribution of any unauthorized copies of the Work by Defendant in any format or otherwise.

24. Defendant's creation, publication, display and printing of the graphic, if not terminated, continue to infringe upon Plaintiff's rights to the copyrighted Walleye/Green Lure illustration.

25. Defendant knew or should have known that Plaintiff's permission was required to make and create derivatives of the Work, and Defendant's use compromises the Work.

26. Defendant intentionally, or non-willfully, disregarded rights it knew, or reasonably should have known, were claimed in the Work when creating, or causing, the creation of a derivative when displaying and/or distributing advertising materials.

27. As a result of their wrongful conduct, Defendant is liable to Plaintiff for copyright infringement. 17 U.S.C. § 501.

28. Defendant has profited from the infringing activities described above.

29. Defendant's infringement of the Work has directly and proximately caused Plaintiff monetary damages including, lost sales and lost profits, in an amount thus far not determined, and subject to proof at trial.

30. Defendant has realized profits from the creation of and display of the Defendant's graphics in an amount unknown and subject to proof at trial.

31. Plaintiff is entitled to recover actual damages for its licensing fees and royalties, if any, for the JQ Fish Art: Walleye/Green Lure illustration under 17 U.S.C. § 504(b).

32. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. § 504 for the Defendant's unauthorized use and copyright infringement of Plaintiff's registered JQ Fish Art: Walleye/Green Lure illustration.

33. Plaintiff is also entitled to recover its costs and attorney fees incurred in suit under 17 U.S.C. § 505.

## COUNT II
## VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT
## AGAINST DEFENDANT TOO DARK MOTORSPORTS, LLC

34. Paragraphs 1 through 33 above are incorporated herein.

35. Defendant has intentionally removed and altered the copyright management information from Plaintiff's images, as and when they were uploaded to Defendant's website in violation of 17 U.S.C. § 1202.

36. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's images that is false and has distributed copyright management information for Plaintiff's images that is false in violation of 17 U.S.C. § 1202.

### COUNT III
### LANHAM ACT SECTION 43(a) AGAINST
### DEFENDANT TOO DARK MOTORSPORTS, LLC

37. Paragraphs 1 through 36 above are incorporated herein.

38. The Work is representative of illustrations painted by Wright and exclusively licensed by Plaintiff.

39. The Work, and the style in which this illustration was painted, is recognizable and closely associated with Wright.

40. Defendant used the Work in connect with goods sold in commerce.

41. Defendant use of the Work in this manner was false or misleading in that Defendant's use suggested Wright was associated with or endorsed Defendant's designs.

42. Neither Jon Q. Wright nor Plaintiff have ever been associated with Defendant's designs or products or endorsed Defendant's products or designs.

43. Defendant's use of the Work in its designs is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Wright and Plaintiff with Defendant.

44. Defendant's use of the Work in its designs is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's designs or products by Wright and Plaintiff.

45. Plaintiff possesses the exclusive rights to reproduce, distribute, make derivatives of, and publicly display the Work, and to sue for infringements thereof, and has been damaged by Defendant's actions described herein.

46. Defendant's actions violate Plaintiff's rights under 15 U.S.C. § 1125(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendant is as follows:

1. That the Court enter a judgment against Defendant setting forth that:

   a. Defendant has willfully, or non-willfully, infringed Plaintiff's federally registered copyrights under 17 U.S.C. § 501 et seq.

   b. Defendant has otherwise injured the business reputation and business of Plaintiff by its acts and conduct set forth in this Complaint.

2. Defendant shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C. § 504(a)(1), 17 U.S.C. § 504(b), and Fed. R. Civ. P. 54, or statutory damages under 17 U.S.C. § 504(c)(1) or enhanced statutory damages under 17 U.S.C. § 504(c)(2) for the willful infringement of Plaintiff's copyrighted Work.

3. Enjoining Defendant from infringing Plaintiff's copyright, pursuant to 17 U.S.C. § 502(a), Fed. R. Civ. P. 65(d), and the equitable powers of this Court.

4. Impounding all computers bearing infringing copies of Plaintiff's copyrighted Work in possession or control of Defendant pursuant to 17 U.S.C. § 503(a)(1)(A), and ordering

destruction of all tangible objects that display any derivative of the Work, pursuant to 17
U.S.C. § 503(b).

5. Awarding Plaintiff statutory damages up to Twenty Five Thousand Dollars ($25,000.00)
   for each violation of 17 U.S.C. § 1202.

6. Awarding Plaintiff for the costs of this action and the reasonable attorney fees and
   expenses incurred in prosecuting this action pursuant to 17 U.S.C. § 505.

7. Award Plaintiff damages, attorney's fees and costs for false designation of origin in
   violation of Section 43(a) of the Lanham Act 15 U.S.C. § 1125 (a).

8. Providing for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues triable to a jury.

Dated: May 3, 2018.                         **STOWMAN LAW FIRM, P.A.**

By, Jeffrey D. Stowman (MN 0288378)
P.O. Box 845
1100 W Lake Drive
Detroit Lakes, MN 56501
(phone) 218-847-5644
(fax) 218-844-7647
jeff@stowmanlaw.com

**ATTORNEYS FOR PLAINTIFF**

**EVANS & DIXON, LLC**

Steven H. Mustoe          KS #15212 | MO #33060
Corporate Woods | Building 51
9393 W. 110th Street, Suite 120
Overland Park, KS 66210
Telephone: 913-701-6810
Facsimile: 913-341-2293
Email: kccivillit@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF**
**(PRO HAC VICE PENDING)**

9